[Civ. No. 20305.   Second Dist., Div. One.   Dec. 13, 1954.]

LEAH RUTH FOWLER, Appellant, v. FRANK GILMAN FOWLER, Respondent.

Hahn, Ross & Saunders and Max A. Goodman for Appellant.

Covey & Covey and Manley C. Davidson for Respondent.

DORAN, J.—This is an appeal from an order modifying an interlocutory judgment of divorce and final judgment of divorce which increased an award to her of alimony from $100 per week to $150 per week. At the time the increase to $150 was made, the respondent was required to pay, and was paying in addition thereto, $75 per week to appellant for the support of their daughter.

The parties were married 18 years before the separation. In July, 1949, the parties entered into a property settlement agreement. In the same month an interlocutory judgment of divorce was entered in favor of the appellant herein. The judgment also approved the property settlement agreement.

It is contended by appellant that "The trial court abused its discretion in increasing the alimony award only fifty dollars."

The property settlement agreement was comprehensive and included debts, community property assets, etc., and the disposition thereof. As recited in appellant's brief, "On June 16, 1953, respondent was in arrears in the sum of $11,829.18 in repayments due appellant on account of 'community debts' paid by her pursuant to the provisions of the above-quoted portions of the property settlement agreement and the divorce judgment. He had also encumbered the insurance policies to the approximate sum of $7,000.00. Appellant sought to hold him in contempt for these two violations of the judgment. Respondent filed an affidavit admitting the arrearage, and alleging that a discharge in bankruptcy obtained by him on February 5, 1953, discharged the obligations. The trial court, on September 24, 1953, held that the bankruptcy extinguished the obligations. Thereafter, on October 7, 1953, appellant filed an Order to Show Cause and Affidavit in re Modification of the Interlocutory and Final Judgments of Divorce (the Final Judgment having incorporated the provisions of the Interlocutory Judgment) requesting the Court to increase the alimony from $100.00 per week to $350.00 per week."

In the within action it was stipulated that the net income of respondent is $27,800. Appellant argues that, "appellant is financially worse off now than she was before the bankruptcy and alimony increase."

Respondent argues that, "Appellant's own testimony showed that despite the fact that she was no longer getting the $300.00 per month and was getting $100.00 per week as alimony, her cash position at the time of the hearing was no different than it had been two months previous at a prior hearing. By merely reading the amounts testified to, the conclusion is obvious that these amounts were exaggerated. The trial judge not only heard her testify to these amounts, but also observed her and her manner of testifying as to these amounts. The trial judge had also heard her testify in previous hearings. It is therefore evident that the trial judge

properly determined that an allowance of $150.00 per week would satisfy her needs, particularly as the court granted appellant a fifty (50%) per cent increase."

Differences of opinions always exist in such situations but it does not appear that, as argued by appellant, "a grave injustice has been done to appellant through a judicial abuse of discretion by the trial judge."

In the light of the record and by reason of well settled law applicable to the question involved in the within appeal, the order is affirmed.

White, P. J., and Drapeau, J., concurred.